MR. CHIEF JUSTICE HASWELL,
dissenting.
I respectfully dissent to the award of attorney fees.
The majority recognize that attorney fees cannot be awarded to the prevailing party in the absence of statute or contract. Here there is neither. The award is justified on the basis of making the prevailing party whole and granting complete relief. This justification is equally applicable to any defendant who is sued, hires an attorney, and ultimately prevails.
In my view, this decision constitutes a sharp break from existing law, the denial of precedential value by the majority notwithstanding. If the prevailing defendant is to be made whole and granted complete relief, why doesn’t this case establish a precedent?
Substantial arguments can be made for and against awarding attorney fees to the prevailing party in a lawsuit. In my view this is a matter of public policy to be resolved by the legislature. To date the legislature has not seen fit to grant attorney fees to a prevailing defendant (except in certain instances not pertinent to this case, e. g. eminent domain and reciprocal rights statutes).
I would adhere to existing law and require statutory authorization for an award of attorney fees in the absence of contract.